IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORMA S., <br><br> Plaintiff, <br><br> v. <br><br> THE COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CIVIL ACTION NO. <br><br> 1:17-CV-04620-TWT-CMS |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on the unopposed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by the Commissioner of the Social Security Administration (the "Commissioner"). [Docs. 9, 10].[1] The Commissioner seeks dismissal, or alternatively summary judgment in favor of the Commissioner, for Plaintiff's failure to timely file her Complaint. For the reasons set forth below, I recommend that the Commissioner's motion to dismiss be granted and that the alternative motion for summary judgment be denied as moot.

---

[1] Aside from a three-page Statement of Material Facts [Doc. 10-3], the two motions filed by the Commissioner are otherwise identical.

## I.    FACTS[2]

On May 13, 2011, Plaintiff applied for a period of disability and disability insurance benefits, alleging a disability onset date of May 7, 2007. [Doc. 9-2 at 9]. The Social Security Administration denied Plaintiff's application initially on August 15, 2011, and upon reconsideration on December 16, 2011. [Id.]. On February 16, 2012, Plaintiff requested a hearing before an ALJ, and the ALJ held a hearing on June 19, 2015, in Atlanta, Georgia. [Id.]. On September 15, 2015, the ALJ issued his decision, finding that Plaintiff was not disabled under the Social Security Act. [Id. at 6-23]. Following the ALJ's adverse decision, Plaintiff requested that the Appeals Council review the ALJ's decision. [Doc. 9-2 at 32]. On January 31, 2017, the Appeals Council denied Plaintiff's request for review, declining to review the ALJ's decision. [Doc. 9-2 at 32-34]. Plaintiff requested additional time to file a civil action, and on October 12, 2017, the Appeals Council granted Plaintiff an

---

[2] This fact statement is taken from the facts alleged in Plaintiff's Complaint [Doc. 3], which I have accepted as true for purposes of resolving the pending motion to dismiss. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). I have also considered the exhibits attached to the Commissioner's motion to dismiss, including the decision of the Administrative Law Judge ("ALJ") and the Notice of Appeals Council Action, without converting the motion into a motion for summary judgment, because the exhibits are central to Plaintiff's claims, and Plaintiff has not challenged their authenticity. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

additional thirty days to file a civil action. [Doc. 9-2 at 40]. In the letter granting the extension of time, the Appeals Council specified that the thirty-day period would run from the date Plaintiff received the letter, which was presumed to be five days after the date on the letter. [Id.].

Thirty-six days later, on November 17, 2017, Plaintiff initiated this lawsuit by filing a *pro se* Complaint against the Commissioner, requesting reversal of the Commissioner's adverse decision. [Docs. 1, 3]. On June 20, 2018, the Commissioner filed the pending motions, arguing that Plaintiff's Complaint should be dismissed with prejudice because the Complaint was not timely filed. [Docs. 9, 10]. Plaintiff has not submitted a response to the motions, and the time for doing so has now passed. Under Local Rule 7.1(B), a party's failure to file a response to a motion indicates that there is no opposition to the motion. See LR 7.1(B), NDGa. Therefore, the pending motions are deemed unopposed. An unopposed motion, however, does not mean that the moving party automatically prevails; rather, the Court is still required to consider the merits of the motion. See Guimmo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017). Accordingly, I have reviewed the merits of the arguments raised in the Commissioner's motions in making this report and recommendation.

## II.  DISCUSSION

The Commissioner contends that Plaintiff's Complaint should be dismissed because it was not filed within the time limit required under 42 U.S.C. § 405(g). The statute of limitations for commencing an action seeking review of a final decision of the Commissioner is set forth in 42 U.S.C. § 405(g), which allows claimants to file a complaint with the district court within sixty days from the date of receipt of the final decision.  See 42 U.S.C. § 405(g). The date of receipt is presumed to be five days after mailing unless there is a reasonable showing to the contrary.  Id.  "The 60-day time limit is strictly enforced and claims filed even one day beyond the deadline have been dismissed as untimely."  Madry v. Colvin, No. 8:13-cv-312-T-23-DNF, 2013 WL 5408088, at *3 (M.D. Fla. Sept. 25, 2013) (internal quotations omitted); Martin v. Berryhill, No. 1:16CV372-WTH/CAS, 2017 WL 8813083, at *5 (N.D. Fla. May 10, 2017) ("The 60-day time limit, however, is strictly construed because it defines the terms on which the United States waives its sovereign immunity and consents to be sued.").

In this case, on October 12, 2017, the Appeals Council granted Plaintiff an extension of time to commence a civil action.  [Doc. 9-2 at 40]. Specifically, the Appeals Council's letter stated, in relevant part:

> The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you

receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

[Id.]. Because the date of receipt is presumed to be five days after the date of the Appeals Council's notice, Plaintiff had thirty-five days from October 12, 2017 to initiate a civil action, i.e., until November 16, 2017. Plaintiff, however, initiated this civil action on November 17, 2017, one day after the expiration of the time limit set by 42 U.S.C. § 405(g), as extended by the Appeals Council. Because Plaintiff did not initiate this civil action within the requisite timeframe, her Complaint must be dismissed.[3] See, e.g., Martin, 2017 WL 8813083 at *8 ("Complaints filed in Social Security disability cases filed one day late have been dismissed."); Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint as untimely where plaintiff filed his complaint one day late); Kersey v. Astrue, No. 3:06CV840-J-16TEM, 2007 WL 6600736, at *3 (M.D. Fla. Sept. 14, 2007) (dismissing complaint filed one day late as untimely).

---

[3] Additionally, Plaintiff has set forth no equitable reason to toll the statute of limitations in this case. See Christides v. Comm'r of Soc. Sec., 478 F. App'x 581, 583-84 (11th Cir. 2012) ("A claimant seeking equitable tolling of section 405(g)'s statute of limitations must demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment.") (citation and internal quotation marks omitted).

5

### III.  CONCLUSION

For the reasons stated, I **RECOMMEND** that the Commissioner's motion to dismiss [Docs. 9, 10] be **GRANTED** and this case be **DISMISSED** with prejudice based on Plaintiff's failure to timely file her Complaint.  I also **RECOMMEND** that the Commissioner's alternative motion for summary judgment [Docs. 9, 10] be **DENIED AS MOOT**.

**SO REPORTED AND RECOMMENDED**, this 6th day of August, 2018.

_____
Catherine M. Salinas
United States Magistrate Judge